JOSE G. CRUZ and ROSA S. CRUZ, Appellees

v.

ANA LEON GUERRERO WHITE, Appellant

## Civil No. 12-A

## District Court of Guam

### Appellate Division

## September 15, 1958

Counsel for Appellees: PAUL D. PALTING
Counsel for Appellant: TURNER & NOVAK

Before FURBER, *Chief Justice*, and TOOMIN, *Associate Justice*, High Court of the Trust Territory of the Pacific Islands and SHRIVER, *United States Judge*, District Court of Guam

## PER CURIAM

### OPINION

This is an appeal from the Island Court of Guam in which that court decreed specific performance of the transfer of land from the appellant to the appellees. The issue was clouded by bad procedures and constant bickering between counsel. The trial court finally placed the issue in proper perspective and made findings of fact and conclusions of law with judgment decreeing the conveyance from the appellant to the appellees of the land in question after survey and proper description. We must remand the case

to the trial court for this purpose as it is evident that there is no description at the present time, in the absence of survey, which describes the land to be conveyed and which the appellant could be required to convey.

The appellant offered no evidence. The appellees attempted to obtain an order requiring the appellant to produce a deed alleged to have been obtained from the appellees for the purpose of surveying the land to be conveyed. The trial court held that since secondary evidence could be received as to the contents of the deed, no extraordinary remedy was indicated and set the case for trial on the issue of specific performance. It appeared that the appellees took possession of the land in 1947 and constructed part of a house; that about four years later they constructed another house; that the appellant may not have owned the land but obtained title in 1951 after which the portion in question was conveyed to the appellees for consideration. We assume that the deed which was the subject of contradictory evidence bound the appellant to transfer the land. Her failure to deny that she had obtained the deed from the appellees under the promise to have the land surveyed and her subsequent refusal to return it strongly indicate support for the appellees' contentions.

While we affirm the court's holding that specific performance is indicated, we remand for the purpose of having the land surveyed and a description satisfactory to the court obtained, after which specific performance may be required under the usual powers of the court.